### 4971. McGARR *v.* THE STATE.

The evidence was not sufficient to support the conviction.

DECIDED JULY 8, 1913.

Indictment for misdemeanor; from Tattnall superior court— Judge Sheppard. April 20, 1913.

*H. H. Elders,* for plaintiff in error.

*N. J. Norman, solicitor-general,* contra.

POTTLE, J. The conviction of the accused has resulted in a miscarriage of justice which we can correct without in any wise interfering with the well-established rule that the reviewing court can not disturb a finding of fact supported by any evidence. The accused was a cropper, and was convicted of violating section 729 of the Penal Code by disposing of a part of the crop without the landlord's consent and before paying him in full for advances made to aid in making the crop. The landlord advanced two hundred dollars during the year. After the maturity of the crop, repayments were made, and in December the landlord claimed a balance of $67.42. On cross-examination he testified: "After the division of the fodder, corn, and cottonseed, that left me and the defendant even." There was a dispute between them, and arbitrators were selected to adjust it. The arbitrators say, but the landlord denies, that he stated to them that the only matter in controversy between him and his cropper was a mule, and that when this was adjusted the cropper would owe him nothing. The arbitrators awarded the mule to the landlord, and the cropper acquiesced. Thereafter the cropper sold a small quantity of cottonseed grown on the landlord's premises, estimated by the landlord to be worth $8 or $10. After the sale, to settle the dispute, the cropper offered the landlord $2 for his part of the seed, and the landlord refused to accept it. The next day the accused offered him the amount claimed by the landlord to be due from the seed. The landlord accepted it and agreed for the cropper to keep the balance. This is the State's case.

Without in any wise intending to reflect on the jury or on the trial judge who reviewed their finding, we can not refrain from expressing surprise that a conviction could be had or allowed to stand under the evidence disclosed by the record. The gist of the offense was the sale of the crop before settling in full with the landlord and before he received his part of the crop, and without his consent. Here, under the landlord's own admission, while he did not expressly authorize the sale in the first instance, he did subsequently consent to it and accepted his half of the proceeds. It is shocking to common justice to allow him to prosecute the cropper to conviction after ratifying the sale and taking his half of the money. Having received the fruits of and ratified the sale, the law indulges the inference of consent in the first instance.

6

While fraudulent intent is not an element in this offense, the wrong to the landlord and the offense against the State are identical. If there has been no wrong to the landlord, there has been no crime committed against the State.

Without discussing other questions which might arise, we hold, on the point under consideration, that proof of a sale by a cropper of a part of the crop without the landlord's express consent and before payment in full for advances made to the cropper by the landlord will not authorize a conviction, where the landlord makes no objection to the sale, and, after it is made and before any prosecution is instituted, ratifies it and accepts the proceeds of the sale from the cropper. Criminal laws were intended to punish criminal offenders, and here the essential elements of a crime are wanting.                    *Judgment reversed.*